1  Michele R. Stafford, Esq. (SBN 172509)
   Tino X. Do, Esq. (SBN 221346)
2  SALTZMAN & JOHNSON LAW CORPORATION
   1141 Harbor Parkway, Suite 100
3  Alameda, CA 94502
   Telephone: (510) 906-4710
4  Email: mstafford@sjlawcorp.com
   Email: tdo@sjlawcorp.com
5

6  Attorneys for Plaintiffs, District Council 16
   Northern California Health and Welfare Trust Fund, et al.
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 DISTRICT COUNCIL 16 NORTHERN            Case No.
   CALIFORNIA HEALTH AND WELFARE
12 TRUST FUND; and its JOINT BOARD OF      **COMPLAINT**
   TRUSTEES; ROBERT WILLIAMS and JOHN
13 MAGGIORE, Trustees;

14 BAY AREA PAINTERS AND TAPERS
   PENSION TRUST FUND, and its JOINT BOARD
15 OF TRUSTEES; ROBERT WILLIAMS and
   JEANNIE SIMPELO, Trustees;
16

17 DISTRICT COUNCIL 16 NORTHERN
   CALIFORNIA JOURNEYMAN AND
18 APPRENTICE TRAINING TRUST FUND, and its
   JOINT BOARD OF TRUSTEES; ROBERT
19 WILIAMS and JEANNIE SIMPELO, Trustees;

20
                Plaintiffs,
21
        v.
22
   M & A PAINTING, INC. *dba* M & R PAINTING
23 AND DECORATING, a California Corporation;
   MARCO BARRAGAN, an individual,
24
                Defendants.
25

26

27

28

                                    1
   **COMPLAINT**
   **Case No.**

Parties

1.      The District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"); Bay Area Painters and Tapers Pension Trust Fund, including the Bay Area Painters and Tapers Pension Trust Fund Annuity Plan (together "Pension Funds"); and District Council 16 Northern California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds under ERISA § 302(a), 29 U.S.C. § 1002(a). Robert Williams and John Maggiore are Trustees, and fiduciaries, of the Health Fund. Robert Williams and Jeannie Simpelo are Trustees, and fiduciaries, of the Pension Fund and Apprentice Fund. The Health Fund, Pension Funds, Apprentice Fund, and their respective Trustees and fiduciaries are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.      M & A Painting, Inc. *dba* M & R Painting and Decorating, a California Corporation, and Marco Barragan, an individual, (hereinafter collectively referred to as "Defendants") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2)

Jurisdiction

3.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.      Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of valid Bargaining Agreement.

5.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

**COMPLAINT**
**Case No.**

6. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Dublin, California. Thus, jurisdiction and venue are properly grounded with this Court.

7. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

<u>Intradistrict Assignment</u>

8. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

<u>Bargaining Agreement</u>

9. Defendant M & A Painting, Inc. *dba* M & R Painting and Decorating entered into the Northern California Painters Master Agreement ("Bargaining Agreement") between the District Council No. 16 of the International Union of Painters and Allied Trades ("Union") and the Northern California Painting and Finishing Contractors Association, requiring employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreement. Plaintiffs are third party beneficiaries of the Bargaining Agreement.

10. Defendant Marco Barragan executed the Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds wherein he agreed to be personally and individually liable for Defendant M & A Painting, Inc. *dba* M & R Painting and Decorating's contributions required by the Collective Bargaining Agreement, as described below.

11. Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to collect monies due by Defendants to the following plans: the IUPAT Finishing Trades Institute, the

**COMPLAINT**
**Case No.**

IUPAT Labor-Management Cooperation Initiative, the Work Preservation Fund, the Industry Fund,  the Skills, Safety, Supervisor & Survival Training Awards Recognition (STAR) Program, Inc., the Vacation/Holiday Fund, and the IUPAT Political Action Together-Political Committee (collectively referred to herein as the "Bargained Entities"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreement and Trust Agreements.

12.     Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the fifteenth (15th) day of the month following the month hours were worked, and considered delinquent if not received by the last day of that month. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the day contributions become delinquent, which is the first (1st) day of the month following the month in which payment was due, until paid.

13.     The Bargaining Agreement further require Defendant to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

<u>Factual Allegations</u>

14.     Defendants have failed and refused to pay contributions for hours worked by their employees during the months of January 2020, February 2020 and March 2020. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for these months, and

**COMPLAINT**
**Case No.**

1    also for late-paid contributions for the months of September 2019, October 2019 and November 2019.

2       15.   Plaintiffs are also entitled to recover any and all contributions, and all liquidated damages

3    and interest on delinquent contributions, found due on timecards, audit, or otherwise including estimated

4    contributions for months Defendants failed to report to Plaintiffs, through the time of Judgment.

5    Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts

6    due from Defendants.

### FIRST CAUSE OF ACTION
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

9       16.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

10      17.   Defendants have a contractual duty to timely report and pay the required contributions to

11   Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining

12   Agreement and Trust Agreements. Defendants also have a contractual duty under the Bargaining

13   Agreement, and Trust Agreements incorporated therein, to permit an audit of its records to determine

14   whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to

15   pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

16      18.   In addition, Defendants have a statutory duty to timely make the required payments to

17   Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

18      19.   By failing to make the required payments to Plaintiffs, Defendants breached the

19   Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20      20.   Defendants' failure and refusal to pay the required contributions was at all times, and still

21   is, willful. Defendants continue to breach the Bargaining Agreement, and incorporated Trust

22   Agreements, by failing to report and pay all amounts owed as alleged. Said refusal is unjustified and

23   done with knowledge and intent.

24      21.   ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and

25   irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations

26   required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29

27   U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to

28   refuse to perform as required thereunder.

**COMPLAINT**
**Case No.**

22.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

23.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.     For a judgment against Defendants as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

ii.     To the Union in accordance with the Bargaining Agreement.

(b)     Liquidated damages on all unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)     Interest on all unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

2.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.     For an order,

**COMPLAINT**
**Case No.**

1

2

       (a)     requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

3

4

       (b)     enjoining Defendants from violating the terms of those documents and of ERISA; and;

5

6

7

       (c)     enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

8

     4.     That the Court retain jurisdiction of this case pending compliance with its orders.

9

     5.     For such other and further relief as the Court may deem just and proper.

10

11

DATED: April 20, 2020                SALTZMAN & JOHNSON LAW CORPORATION

12

13                    By:              /S/

14                             Tino X. Do

                             Attorneys for Plaintiffs, District Council 16 Northern

15                             California Health and Welfare Trust Fund, et al.

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**
**Case No.**